UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PLAINTIFF
    JAMES T. LANE
VS.
DEFENDANTS

    CHCA. DESIREE HARTMAN, et al.,
    DR. RENATO DIAZ
    DR. JOHN LISIAK
    DR. JASON MOGERMAN
    DR. (JOHN) MAXA
    LPN. (JANE) CONWAY
    LPN. NICHOLE GORDON
    RN. (JOHN) HREHA
    SUPERINTENDENT KEVIN RANSOM
    SUPERINTENDENT GEORGE MILLER
    LT. JAMES HENDRICK
    LT. BARRY KARWOWSKI
    CARLIE MCKEOWN
    LT. DENNIS CUSH
    LT. TODD MARS
    LT. JEFF MORCOM
    LT. (JOHN) MARTIN
    CPT. PAUL HORVATH
    SGT. BRIAN MORCOM
    CO. BOBBY CHAMPAN
    CO. FRANK LEVAEL
    CO. DAVID SPRY
    CO. RANDY JONES
    CO. KARL KELLER
    CO. THOMAS GAUL
    CO. CURTIS CHURMBLO
    CO. (JOHN) O'DELL
    CHIEF. HAROLD KERTES
    DSCS. JOSEPH GRILLO
    Individually and in their official capacities.

CIVIL ACTION # 3:21-cv-0401
Jury Trial Demanded

FILED
SCRANTON
JUN 1 6 2021
PER _____
DEPUTY CLERK

## AMENDED COMPLAINT

1. The plaintiff James T. Lane, is a citizen residing at 256 1/2 GARDNER STREET PLYMOUTH PA 18651 wishes to file a complaint under 42 U.S.C Section 1983.

## DEFENDANTS

1. CHCA. DESIREE HARTMAN works at SCI Waymart, P.O.Box 256 Route 6, Waymart Pa 18472.

2. DR. RENATO DIAZ works at SCI Waymart, P.O.Box 256 Route 6, Waymart Pa 18472

3. DR. JOHN LISIAK Works at SCI Waymart, P.O.Box 256 Route 6, Waymart Pa 18472.

4. LPN. (JANE) CONWAY works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

5. RN. (JOHN) HREHA works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

6. SUPERINTENDENT GEORGE MILLER works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

7. LT. JAMES HENDRICK works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

8. LT. BARRY KARWOWSKI works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

9. LT. DENNIS CUSH works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

10. LT. TODD MARS works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

11. LT. JEFF MORCOM works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

12. CPT. PAUL HAORVATH works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

13. LPN. NICHOLE GORDON works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

14. SGT. BRIAN MORCOM works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

15. CO. BOBBY CHAPMAN works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

16. CO. FRANK LEVAEL works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

17. CO. DAVID SPRY works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

18. CO. RANDY JONES works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

19. CO. KARL KELLER works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

20. CO. THOMAS GAUL works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

21. CO. CURTIS CHURMBLO works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

22. DR.(JOHN) MAXA works at SCI Forest, 153 Woodland Dr. Marienville, Pa 16239.

23. SUPERINTENDENT KEVIN RANSOM works at SCI Dallas, 1000 Follies Rd, Dallas Pa 18612.

24. CARLIE MCKEOWN works at SCI WayMart, P.O.Box 256 Route 6, WayMart Pa 18472.

25. CHIEFINVESTIGATOR HAROLD KERTES Works at 1920 Technology Pkwy, Mechanicsburg, Pa 17050.

26. DR. JASON MOGERMAN Works at 27A Woodlands Dr, WayMart Pa 18472.

27. CO. **(JOHN)** O'DELL Works at SCI WayMart, P.O. Box 256 Route 6, WayMart Pa 18472.

28. DSCS. JOSEPH GRILLO Works at SCI WayMart, P.O. Box 256 Route 6, WayMart Pa 18472.

29. LT. **(JOHN)** MARTIN Works at SCI WayMart, P.O. Box 256 Route 6, WayMart Pa 18472.

## THE AMENDED
## STATEMENT OF CLAIM

1. On 3/12/19, defendant Dr.Diaz knowingly with sadistic intent breached his Hippocratic oath as retaliation. Defendant Diaz exercised deliberate indifference against me by falsifying a DC-141 (misconduct report). Defendant Diaz began to publicly berate me with abusive and vulgar language such as calling me "Nigger". Defendant Diaz's conduct was unprofessional, unethical and inhumane. His unconstitutional behavior was the direct result of a previous civil litigation, I had filed against him and won. Defendant Diaz's failure to maintain the utmost respect of his duties as a doctor, put my health and safety in unnecessary danger. Where I suffered new injuries.

2. I submitted my formal grievance #791215, alleging retaliation by defendants Diaz.

3. I also submitted my formal grievance #791218, alleging defendant Hendrick assaulted me, by deliberately pushing me down the stairs.

4. On 03/12/19, I was escorted from the infirmary's isolation room (1) to the restricted housing unit (RHU) by Defendant Lt. Hendrick. I surrendered willingly. I was then hand cuffed. Rendering me completely helpless. I was no danger to staff or myself, nor was I acting disruptively or violently toward anyone in general. This can all be seen on the portable handheld camera with (audio), as the policy requires for this procedure. Upon entering the main (2) doors within the (RHU). Defendant Hendrick pushed me down the stairs, without any rational or penological reason. The force used by defendant Hendrick, was excessive and not of good faith.

5. Defendant Hendrick exercised deliberate indifference by maliciously assaulting me and falsifying the truth with his lies stating I "jumped " in his attempt to avoid liability and his attempt to make it falsely appear as if my injuries were self-inflicted.

6. Right after being pushed down the stairs by defendant Hendrick.

7. Defendant Co.Churmblo sadistically put his knees in my back. However, despite my cries of excruciating pain. Defendant Churmblo refused to move his knees.

8. Immediately following the assault. I was transported to the Geisinger Hospital in Scranton Pennsylvania. Where I underwent numerous X-rays and CAT scans. Where I was informed, I suffered massive contusions to his left shoulder, right hand, lower back and neck.

9. However, while at Geisinger Hospital defendants CO. Chapman and CO. Levael knowingly attempted to hide the identity of defendant Hendrick, by providing me with the wrong name "Lt. Hernandez". I requested Geisinger Medical staff to notify the state police. So I could file criminal charges against defendant Lt.Hendricks for this vicious assault. However, defendants Chapman and Levael knowingly misrepresented the facts of me being "pushed down the stairs" by falsely claiming "Police state that pt turned away from police and fell downstairs. Thus, emphasizing retaliation and obstruction of justice.

10. On 03/14/19, defendant Mckeown held the hearing for the misconduct report falsified by defendant Diaz. I informed defendant Mckeown, that I was innocent, and this was a vicious act of retaliation by defendant Diaz. Whom I had sued previously. However, despite the physical evidence as in federal court documents

provided by me, I was still found guilty and wrongfully given (90) days in the RHU as a punishment for using my 1st amendment.

11. I also informed defendant Mckeown that while incarcerated I remained misconduct free, and that defendant Diaz gave me my first ever misconduct report as retaliation. However, defendant Mckeown remained indifferent. He exercised deliberate difference by allowing and participating in this retaliation and false imprisonment.

12. Defendant Mckeown failed to have integrity and thoroughly investigate the incident as the Hearing Examiner.

13. Days later the defendant's Cpt. Horvath and Lt. J.Morcom refused and ignored my request to be given a copy of my written statement of the 03/12/19 assault.

14. I was then seen by defendant Kertes, who (interrogated) me not as a victim, but as the person who committed a crime. Defendant Kertes recorded the entire interview on a tape recorder.

15. Defendant Kertes went on to use the very same deceitful language, stating he had watched the footage and that I "jumped". Thus, emphasizing that he was being complicit to cover up me being assaulted by defendant Lt. Hendrick. However, when I requested the video footage of my assault be played as evidence/ witness to support my claim. I was immediately denied reviewing the footage without any rational reasons.

16. On 03/15/19, I was scheduled for an off-site doctor's appointment at Wayne Memorial Hospital to undergo an MRI of my left shoulder. Which revealed I suffered a "Probable mid posterior labral tear, mild central cuff tendinopathy and bursitis".

17. However, before leaving Sci Waymart. Defendant Lt.Karwowski in his attempt to make me refuse this much-needed appointment. Sadistically forced me to walk downstairs. Despite it being a documented fact, I was bottom bunk and bottom tier.

18. It was also a documented medical fact the Well Path administration had actual knowledge I was diagnosed disabled due to left knee injuries.

19. Defendant Karwowski told me "No elevator for you. It's the stairs or you are refusing". Defendant Karwowski went on to say "this is my house. Welcome to Waymart" as intimidation.

20. Their failure to accommodate my walking disability was motivated by retaliation. In their attempt to make me refuse my appointment.

21. On 3/20/19, defendant Lt. Morcom responded to grievance (#791215) with deliberate indifference, falsely claiming. Diaz stated he never used abusive or vulgar language towards inmate Lane and did not know of any civil actions filed by inmate Lane". Thus, emphasizing that he was acting in retaliation, conspiring with defendant Diaz.

22. On 03/29/19, I submitted my formal grievance (#794477) alleging defendant Conway denied my Scheduled pain medication as retaliation.

23. Defendant Hartman was put on notice regarding Conway depriving my pain medication. However, Hartman failed to act or reprimand defendant Conway, giving her and others the false sense of security to

continue their vicious acts of retaliation, without fear of being reprimanded. Creating an unsafe environment.

24. On 04/01/19, defendant Ransom responded to grievance (#791215), with deliberate indifference. Defendant Ransom allowed and participated in my torture, with his admission of wrongdoing stating " it's noted you received a misconduct. Dr.Diaz did not even recall you". Defendant Ransom went on to state "you are housed appropriately ". Thus, emphasizing retaliation.

25. On 05/10/19, defendant Hendrick's continued to target me by falsifying his own misconduct report to further torture and intimidate me for speaking out against his excessive force and retaliation.

26. On 05/15/19, defendant Sgt.Morcom sadistically denied me a shower on camera.

27. On 05/17/19, defendant's Sgt. Morcom, Co. Gaul, Co.Spry and O'Dell continued to viciously deprive me showers. On the Direct orders of defendant Hendrick's.

28. On 05/20/19, defendant's Sgt.Morcom and Co. Spry continued their vicious patterns of depriving me showers.

29. On 05/23/19, I received a letter from J. Barnacle falsely claiming that " based on this investigation, the allegations were unfounded". Thus, emphasizing retaliation and obstruction of justice.

30. On 05/29/19, I was scheduled for an appointment with dr. defendant Dr. Mogerman at Waymart Medical center 27A Woodland's drive Waymart Pennsylvania 18472.

31. Dr. Mogerman maliciously conspired to hide the truth that I was pushed down the stairs, by falsely claiming "Subsequently, he states he was walking downstairs on 03/12/19 and fell" Thus emphasizing the very same deceitful language used by defendants.

32. However, before leaving the (SCI Waymart) facility. Defendants Lt.Cush and Lt.Mars continued to viciously put my health and safety in unnecessary danger by forcing me to walk down the stairs in their attempt to make me refuse this much needed appointment.

33. This was also done deliberately by the defendants in their hopes that I would fall, so they could falsely claim I "jumped" again and they could file criminal charges against me for assault.

34. On 05/30/19, I submitted my formal grievance (#806770) alleging defendant's Cush and Mars maliciously continue to put my health and safety in unnecessary danger by forcing a disabled person to walk down the stairs. When an elevator was present.

35. Defendants Cush and Mars maliciously smiled and stated, " this is our house". Thus, emphasizing their abuse of discretion and position of authority within the prison.

36. On 06/03/19, defendant Hendrick continued to publicly berate and attempt to intimidate me stating "I sleep like a king knowing I got away with-it Lane" and " I could kill you and get away with it I've done it before".

37. Later that day defendant Co. Jones delivered another misconduct report stating I had "lied to staff" regarding being pushed down the stairs by Defendant Hendrick's.

38. Defendant Jones informed me that I was in their "house", and they had the power to destroy my life. This was an act of retaliation and intimidation.

39. On 06/10/19, I submitted my formal grievance (#806246) alleging obstruction of justice.

40. Later, that day I was scheduled to be seen by defendant Mckeown for the second falsified misconduct reports by defendant Hendrick's.

41. Defendant Mckeown sadistically informed me that the video evidence did not "exist" when I requested the video of (03/12/19) assault be played as my witness and evidence. However, defendant Mckeown remained indifferent and refused to let me properly defend myself and wrongly gave me (90) more days, consecutive. Defendant Mckeown used the very precise language that defendant Hendrick created I "jumped". Thus, emphasizing that he was acting in retaliation for defendant Hendrick's.

42. Also, on 06/10/19, defendant Sgt.Morcom retaliated against Plaintiff on the orders of defendant Hendrick's. I received another falsified misconduct report. Also, a noteworthy fact proving the defendant Hendrick's deliberate indifference and retaliation, is the fact that defendant Hendrick's was present at every misconduct hearing, when the misconducts were written by him. However, this is a direct violation of the misconduct policy and procedure.

43. On 06/18/19, defendants Hendrick and B.Morcom plan to retaliate against me for my numerous grievances. Defendants Hendrick and B.Morcom stole my writing pens to stop and interfere with him filing grievances. I was then assaulted by Defendant Hendrick's again. Defendant Hendrick's then ordered I be sprayed with (OC) and despite this chemical burning my eyes and skin. Defendant Hendrick sadistically deprived me, decontamination. Which is completely against the policy and an act of assault. Defendant Hendrick even went to the extent of having the cell water turned off, so I could not wash off the chemicals myself. Again, I surrendered willingly and was handed cuffed. Rendering him completely helpless. However, defendant Levael maliciously teased me multiple times for no reason at all. This all can be seen on the camera with audio.

44. On 06/19/19, LPN Gordon knowingly falsified the "Patient activity restrictions report" to make it falsely say I was not bottom tier and bottom bunk. She allowed and participated in this cruelty.

45. On 07/02/19, defendant Hartman responded to grievance (#806770) with an expressed deliberate indifference by falsely claiming "Upon review of your medical records there are no medical restrictions for bottom tier and bottom bunk". However, she was not being trustful, because it is a documented fact that I was bottom tier and bottom bunk his entire sentence.

46. On 07/05/19, I was scheduled for my second MRI of his left shoulder.

47. On 07/19/19, I submitted my formal grievance (#813646), alleging defendant Lisiak refusal to re-order my pain medication. Despite my many requests.

48. On 07/24/19, defendant Miller responded to grievance (#806770) with a vicious deliberate indifference. Where he conspired to hide the truth of me being assaulted.

49. On 07/29/19, I submitted my formal grievance (#814676) alleging defendant Dr.Lisiak deliberately refused to re-order, my Miralaz medication left me bleeding from my rectum for more than (13)days. Despite my repeated request the medication to be reordered.

50. On 08/09/19, defendant Hartman responded to grievance (#814676) with sadistic intent to humiliate me.

51. On 8/27/19, I was scheduled for a follow up appointment with Mogerman. At this appointment Mogerman informed me that he was unqualified to treat his left shoulder. Defendant Mogerman then recommended I see a sub shoulder specialist.

52. On 09/05/19, defendant Karwowski falsified another misconduct report against me, with the support of defendant's Co.Gaul and Co. Keller. Defendant Karwowski admitted to allowing and participating in the sadistic torture and assaults of me on camera.

53. Also, on 09/05/19, I submitted his formal grievance (#822017) alleging defendant Karwowski's admission of allowing and participating in my assaults and torture.

54. On 09/06/19, defendant Miller responded to grievance (#814676) provided a boilerplate response conspiring with defendant Hartman to further humiliate me.

55. On 09/11/19, I wrote the Wayne County District Attorney's Office, requesting to file criminal charges against defendant Hendrick's for assault.

56. On 10/14/19, defendant Miller weaponized the DC-ADM 804 policy and procedure by knowingly refusing to answer grievance (#822017).

57. On 10/16/19, I received my response from Peter Hower Chief County Detective regarding his request to file criminal charges against defendant Hendrick's.

58. On 11/09/19, Lt. Martin responded to grievance (#828932) with deliberate indifference, by falsely claiming that second level appeal for grievance (#822017) was answered.

59. On 12/12/19, I submitted his formal grievance (#839519) alleging being deliberately denied medical treatment for his Left shoulder injuries.

60. On 12/19/19, defendant Grillo responded with a vicious deliberate indifference falsely claiming I was not being denied medical treatment, but a medical "oversight" to why I was not receiving further medical treatment. However, Grillo in his job capacity was not authorized nor qualified to review my medical records. The Well Path administration knowingly violated the DC-ADM 003 section (F) (#3) and (#8) as it pertains to Authorization to release medical information.

61. On 01/21/20, I refused my offsite appointment due to the sadistic torture mentally and physically by all named defendants. I was then informed that I would have another "fall" if a surgery is required.

62. Days later, I was transferred to Sci Forest. Where the Well Path administration continued to viciously deprive me the much-needed medical treatment

63. On 04/26/20, defendant Dr. Maxa of Sci Forest executed deliberate indifference by maliciously, deprived me of my pain relief as retaliation for Defendant Dr.Diaz. Where I was knowingly denied pain relief until

the day of my maximum dated. The Well Path administration again was put on notice and failed to act, train, discipline or supervisor their subordinates.

64. On 12/03/20, I was scheduled to be seen by Dr. Raklewicz to evaluate my left shoulder. However, Dr. Raklewicz discovered the injury to my neck "Retrolisthesis" was caused by me being pushed down the stairs. Despite my neck injury being a document and a serious medical need which requires surgery. Defendant Dr. Lisiak knowingly refused to treat or inform me of this neck injury or that it even existed, and I continue to seek treatment for these many injuries.

## LEGAL CLAIMS CAUSE OF ACTION
### Violation of 1st Amendment Rights Retaliation for Filing Grievances

65. Plaintiff filed numerous grievances to defendants Ransom, Hartman and Miller. However, they knowingly refused to investigate or take any action to ensure I received appropriate medical care for my injuries. Defendants were put on notice of their subordinates' misconduct and refused to discipline medical and correctional staff. Their refusal to act was an act of retaliation. Which created a false sense of security for subordinates to continue their misconducts.

66. Filing grievances is constitutionally protected conduct under the 1st amendment of the U.S. constitution. I suffered numerous adverse actions from the defendants in the form of not being provided the needed surgery for my left shoulder or being advise of the serious "Neck" injuries I suffered from being pushed down the stairs. The Defendants falsified numerous misconduct reports and committed vicious acts of intimidation and psychological torture. The defendants denied me the appropriate medical care for attempting to file criminal charges against defendant Hendrick's. Rather than providing the appropriate justice and medical care to prevent the need for me to submit grievances, they failed to realize that the grievances were a direct response to their misconduct of refusing to provide justice and needed medical treatment. I suffered a torn labrum nerve damage and deformity of the left shoulder. I also suffered (3) herniated disc in my neck, that was deliberately concealed from my knowledge. However, the defendants had having actual knowledge my neck injuries existed and knowingly denied me treatment.

67. All defendants are personally involved in the violations of the 1st and 8th amendment rights through their knowledge and acquiescence of the misconduct of colleagues and subordinates. The Well Path administration allowed and participated in the sadistic retaliation of defendant Dr. Diaz by allowing him to work around me, despite their actual knowledge of the previous civil litigation, I filed against defendant Diaz. While conspiring to obstruct justice, by depriving me medical information and treatment for my serious medical needs as retaliation.

### Violation of 8th Amendment Rights Deliberate Indifference to Serious Medical Needs

68. My Left shoulder injuries, a torn labrum, nerve damage and deformity of the shoulder, and the (3) herniated disc in my neck is a serious medical need that requires surgery. The actions of the defendants, in refusing to accommodate my walking disability by forcing him to walk downstairs, despite having actual knowledge I was bottom tier and bottom bunk, my entire incarceration. Ignoring my request for medical treatment, and that failure aggravated the injuries and they worsened and became permanent. The defendant's failure and refusal to treat my injuries left me in excruciating pain for an entire year plus.

69. ~~40~~. The Well Path administration continued to viciously deprive me of my pain relief after being transferred to Sci Forest. I also wrote John Wetzel, who knowingly refused to act, creating an unsafe environment. However, the defendants were complicit and denied me justice for the assaults I endured and serious injuries I sustained at the hands of all defendants mentioned. Despite their actual knowledge of my injuries. The Defendants knowingly refused to uphold their medical contract by releasing my and not providing the treatment needed. The defendants provided numerous inconsistencies, contradictions, outright lies and admitted wrongdoing to having a medical "oversight "within their responses to my grievances. Thus, emphasizing all defendants were knowingly complicit in the numerous sadistic acts of retaliation, assaults, torture and obstruction of justice. These vicious acts by all defendants represent a barbaric pattern of events demonstrating intentional assaults and numerous acts of retaliation against me.

Wherefore, I pray for a judgment in my favor and damages in my favor against all defendants in the amount sufficient to compensate me for the injuries suffered and mental anguish suffered by me to the deliberate indifference and intentional misconduct of all defendants, but in no event less than $1,500,000, together with my attorney's fees and costs, and additional relief as the court deem just and proper.

DATE: 2/11/2021

Respectfully Submitted

_James T. Lane_

James T. Lane
256½ Gardner Street
Plymouth, Pa 18651

District Court
235 N. Washington Ave
Scranton, Pa 18503




RECEIVED
SCRANTON
JUN 16 2021
PER _____
DEPUTY CLERK